NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| Stefie Bartley,<br><br>    Plaintiff,<br><br>v.<br><br>ER Solutions,<br><br>    Defendant. | Civil Action No. 09-3930 (SRC) |

SHIPP, MICHAEL A., United States Magistrate Judge

**REPORT AND RECOMMENDATION**

This matter comes before the Court upon Plaintiff's failure to prosecute the case. For the reasons set forth below, the undersigned respectfully recommends that the Court dismiss Plaintiff's case.

**I. Background**

Plaintiff Stefie Bartley ("Bartley") filed a complaint against Defendant ER Solutions ("Defendant") in Superior Court of Union County. Defendant removed the case to this Court. On January 28, 2010, the Court scheduled the matter for a settlement conference on March 15, 2010. Defendant requested an adjournment of the settlement conference, which the Court granted. The Court rescheduled the matter for April 27, 2010 and Plaintiff failed to appear. Plaintiff also failed to respond to telephone calls from the Court. On May 4, 2010, the Court issued an Order to Show Cause as to why the Court should not recommend that the District Court dismiss Plaintiff's case for failure to comply with this Court's orders and failure to prosecute the case. The Order to Show

Cause provided, "Should Plaintiff fail to appear in person to show cause, the undersigned will recommend that the District Court dismiss Plaintiff's case." The Court sent the Order to Show Cause to Plaintiff via certified mail, return receipt requested. Receipt of the certified card demonstrates that Plaintiff received the Court's Order to Show Cause. Regardless, Plaintiff failed to appear for the Order to Show Cause on May 25, 2010. In addition, Plaintiff has failed to take any steps whatsoever to prosecute this case.

## II.  Discussion

Federal Rule of Civil Procedure 37 permits the Court to "dismiss the action . . . or render a judgment by default against the disobedient party." *Roadway Express v. Piper*, 447 U.S. 752, 763 (1980) (citations omitted). In the Third Circuit, courts apply the following factors in determining whether to impose a punitive dismissal under Rule 37: "(1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense." *James Indus., Inc. v. Lexar Corp.*, 60 Fed. Appx. 385, 388 (3d Cir. 2003) (quoting *Poulis v. State Farm Fire & Cas. Co.*, 747 F.2d 863, 868 (3d Cir. 1984)). Not all of the factors need to be satisfied in order to dismiss a complaint. *Id.*

A consideration of the relevant factors leads the Court to conclude that dismissal of Plaintiff's Complaint is warranted. Plaintiff clearly failed to prosecute the case and comply with the Court's orders. Moreover, Plaintiff is solely responsible for his failure and has caused prejudice to the Defendant, which expressed an interest in settling the case. It is impossible for the Court to

attempt to settle the case with a Plaintiff who fails to appear. Moreover, it is impossible for the Court to manage a case that the Plaintiff refuses to prosecute. Plaintiff has had a history of dilatoriness in this case. Notably, Plaintiff has not appeared for a single conference and has not submitted a single piece of correspondence to the Court which convinces the Court that Plaintiff intends to rectify his actions or otherwise prosecute this case. Unfortunately, the Court does not find that any alternative sanctions are appropriate under the facts of the present case.

### III. Conclusion

Based on the above, I respectfully recommend that the Court dismiss Plaintiff's case.

Respectfully submitted,


_____s/ Michael A. Shipp_____
**HONORABLE MICHAEL A. SHIPP**
**UNITED STATES MAGISTRATE JUDGE**

Dated: October 26, 2010